Rufo, Robert C., J.
The plaintiff, Edwin A. Tripp, Jr., individually and attorney-in-fact for Louise E. Tripp, filed this action following the defendant’s, Maiy Ann Conboy, Mrs. Tripp’s sister, actions to locate and contact Mrs. Tripp’s daughter, Linda Stephens (“Stephens”) without Mrs. Tripp’s consent or knowledge. Mrs. Tripp had given up Stephens for adoption decades earlier. The defendant introduced Stephens to relatives, including Mrs. Tripp’s mother, Louise Con-boy (“Mother Conboy”). The defendant moved to dismiss the case pursuant to Mass.R.Civ.P 12(b)(2) and 12(b)(6). For the following reasons, the defendant’s Motion to Dismiss is DENIED.

I. Defendant’s Motion to Dismiss Pursuant to Mass.R.Civ.P. 12(b)(2)

Generally, a claim of personal jurisdiction over a nonresident involves a two-pronged inquiry: “(1) is the assertion of jurisdiction authorized by statute, and (2) if authorized, is the exercise of jurisdiction under State law consistent with the basic due process requirements mandated by the United States Constitution? Jurisdiction is permissible only when both questions draw affirmative responses.” Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 5-6 (1979).
A provision of the Massachusetts Longarm Statute, section 3(c) of G.L.c. 223A, requires that the defendant “caus[ed] tortious injury by an act or omission in this commonwealth.” In the instant case, the defendant routinely engaged in actions within the Commonwealth. The defendant set up meetings between Mother Conboy and Stephens in Massachusetts. The defendant procured the services of The Adoption Connection, a Massachusetts corporation, to locate Stephens. Additionally, the plaintiff alleged that the defendant informed Mother Conboy of the identity of Stephens in Mother Conboy’s home in Falmouth, Massachusetts. The plaintiff asserts that the defendant spoke with Mother Conboy’s estate planner who was in Massachusetts. The plaintiff alleges that the defendant’s actions led to Mother Conboy modifying her estate plan to the detriment of the plaintiff. The plaintiff has pled sufficient facts that the defendant caused tortious injury by her acts within the Commonwealth to satisfy the Massachusetts Longarm Statute.
Additionally, the plaintiff must demonstrate that exercising jurisdiction is consistent with the basic due process requirements mandated in the Constitution. Due process requires that the defendant have sufficient “minimum contacts” with the forum such that exercise of the court’s jurisdiction does not offend “traditional notions of fair play and substantial justice.” International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). For the reasons stated above, the plaintiff has pled sufficient facts that the defendant had sufficient minimum contacts with the forum.
Accordingly, this court’s exercise of personal jurisdiction over the defendant is permissible and the Defendant’s Motion to Dismiss is denied.

II. Defendant’s Motion to Dismiss Pursuant to Mass.R.Civ.P. 12(b)(6)

Section IB of G.L.c. 214 provides, in pertinent part, that “[a] person shall have a right against unreasonable, substantial or serious interference with his privacy.” “Section IB protects people from ‘disclosure of facts . . . that are of a highly personal or intimate nature when there exists no legitimate countervailing interest.’ ” Dasey v. Anderson, 304 F.3d 148, 153-54, quoting Bratt v. Int’l Bus. Mach’s Corp., 392 Mass. 508 (1984). With the assertion that the defendant sought out Stephens’ identity and contacted Stephens without Mrs. Tripp’s permission, the plaintiff has alleged sufficient facts in the complaint to demonstrate an “unreasonable, substantial or serious” interference with her privacy. Accordingly, the Defendant’s Motion to Dismiss the plaintiffs invasion of privacy claim (Count I) is denied.
To prevail on a claim of intentional infliction of emotional distress, a plaintiff must establish that: (1) the defendant intended to inflict emotional distress, or conduct, (2) the defendant’s conduct was extreme and outrageous, beyond all possibly bounds of decency, and utterly intolerable in a civilized community, (3) the actions of the defendant were the cause of the plaintiffs distress, and (4) the emotional distress suffered by the plaintiff was severe and of such a nature that no reasonable person could be expected to endure it. Quinn v. Walsh, 49 Mass.App.Ct. 696, 706 (2000).
Based on the allegations in the complaint that the defendant located and contacted Stephens without *351 Mrs. Tripp’s consent, and gave certain authorities anonymous tips that the plaintiff was mistreating Mrs. Tripp, the plaintiff has alleged sufficient facts in the complaint to establish a claim for intentional infliction of emotional distress. Accordingly, the Defendant’s Motion to Dismiss the plaintiffs intentional infliction of emotional distress claim (Count II) is denied.

ORDER

For the foregoing reasons, the Defendant’s Motion to Dismiss is DENIED.